EVERETT D. MORSE *v.* JAMES F. BISHOP.

## *Award Final.*

1. An award, though erroneous, if fairly made, is as conclusive upon the parties as a judgment; hence B. having so'd lumber to M., and C. claiming to be its owner, having brought an action of trover against M. and recovered, and afterwards, but before the judgment was paid except by note, B. and M. having "arbitrated all matters of differences between them," and the arbitrators only al'owing M. what he had paid for the lumber, and not his costs in defence of its title, it was *held*, that the award was conclusive, and that M. could not sustain an action against B. to recover such cost.
2. When the reference is general the case is to be tried on the facts, without reference to the form of pleadings; hence, the defendant, without written plea, may rely on an award in defence before a referee.

ASSUMPSIT. Heard on the report of a referee, December Term, 1881, Caledonia County, Ross, J., presiding. Judgment for the defendant. No pleadings in writing had been filed in the case ; but the defendant's attorney announced to the referee that he should try

the case on the plea of non-assumpsit, and a former adjudication.
The defendant duly excepted to receiving any evidence in regard
to the latter, as it had not been pleaded in writing; but the
referee received it.  It appeared that the defendant sold to the
plaintiff a quantity of lumber; that Mr. Cahoon, claiming to be
its owner, brought an action of trover against plaintiff and re-
covered a judgment at the December Term, 1876, Caledonia
County court, amounting to the sum of $182.02, September,
1877 ; that the plaintiff had never paid this judgment except by
giving his note therefor, dated February 21, 1880 ; that he paid
to witnesses in that suit $18.20; to attorneys for services $83.00;
and that he charged for his own trouble $25.00.

.The referee found :

" At the time Cahoon took the plaintiff's note in settlement of
his execution against him, he also took from the plaintiff an assign-
ment of his claim against the defendant, so that this suit is pros-
ecuted for the benefit of said Cahoon to the extent of Cahoon's
claim or the amount of the plaintiff's note to him.   The plaintiff
was allowed, against the defendant's exception, to give evidence
tending to show that at the time he purchased the cedar timber
from the defendant the defendant agreed to indemnify him against
all loss that should arise by reason of Cahoon's claiming the
same.   The defendant excepted to this evidence on the ground
that by the lien note, the contract as to the sale of the timber
had been so reduced to writing that parol evidence was not
admissible to add thereto or to vary the contract as expressed
by the note.   The referee received such testimony against such
exception.   If such testimony was properly received, then I find
that the defendant, at the time of the sale of the cedar timber,
and as a part of the contract, did agree to indemnify the plaintiff
against any claim that others might make successfully to the tim-
ber.   .   .   .   September 22, 1877, the plaintiff and defendant
agreed to and did arbitrate all matters of difference between them
before Jesse Marshall, Marshall W. Stoddard and George W.
Woodruff.   A full hearing of their matters of difference was had,
George W. Cahoon, Esq., appearing for the plaintiff, and H. C.
Belden, Esq., for the defendant.   The result was an award in
favor of the defendant for $21.72, as appears by the award which
accompanies this report.   The plaintiff introduced before the
arbitrators, as specifications of his claims, exhibits marked Nos.
3, 4 and 5, and the Cahoon execution.   The Cahoon execution

had not then been paid. The defendant introduced before the arbitrators, as specifications of his claims, exhibits marked Nos. 1, 2 and 6. Testimony was introduced as to what the contract was by which the defendant sold the cedar timber to the plaintiff, the plaintiff's testimony tending to show that by the terms of the sale the defendant agreed to indemnify the plaintiff against other claims to the timber, and the defendant's tending to show that no such indemnity was made or agreed upon. The defendant's counsel then claimed that the indemnity was not proved, and that the defendant, unless a special indemnity was proved, would not be liable for any of the costs and expenses of the Cahoon suit against the plaintiff, but that as the defendant's title to the cedar timber had failed, the defendant could not recover on his lien note, and that the plaintiff would be entitled to recover back what he had actually paid the defendant towards the same; and that in any event the plaintiff could not recover for the amount of the Cahoon execution, because he had not paid the same. That hearing resulted, as nearly as can now be ascertained, so far as regards the claims here at issue are concerned, in the arbitrators' allowing the plaintiff twenty-five dollars for the old horse he had delivered the defendant in part payment towards the cedar timber, and in their rejecting the lien note presented by the defendant and the claims made by the plaintiff for what he paid witnesses in the Cahoon suit and for Cahoon's claim on his execution against the plaintiff. They also rejected the defendant's claim for witness fees in the Cahoon suit, and also the plaintiff's claim for damages for being arrested in the Cahoon suit. The arbitrators could not recall definitely what their reasons were for their action, but in general said that they threw out these claims as not established, and that they considered the Cahoon suit as between Cahoon and the plaintiff and not as a matter properly between the plaintiff and defendant. The plaintiff paid the award to the defendant. On these facts it is apparent that the plaintiff has received back all that he has ever paid the defendant towards the cedar timber.

*Cahoon & Hoffman*, for the plaintiff.

Evidence to support the oral plea of a "former adjudication" was improperly received. *Fulton* v. *Wiley*, 32 Vt. 763; *Cook* v. *Carpenter*, 34 Vt. 126; *Sumner* v. *Brown*, 34 Vt. 197. It was proper to call the arbitrators to testify in this case as to what matters were adjudicated at the arbitration. The eighty dollars in plaintiff's present account had not then been paid. *Post* v. *Smi-*

*lie*, 48 Vt. 191 ; 17 Vt. 419 ; Freeman Judg. 297. It was competent to show what the award was made up of. 47 Vt. 9 ; Ib. 524 ; 35 Vt. 231. The award will only bar what is adjudged. *Briggs* v. *Brewster*, 23 Vt. 100 ; *Robinson* v. *Morse*, 29 Vt. 408, 463 ; *Buck* v. *Buck*, 2 Vt. 417.

*Belden & Ide*, for the defendant.

On a general reference the merits of the case are to be tried. *Carter* v. *Howard*, 39 Vt. 108. The award was absolutely final. *Young* v. *Kinney*, 48 Vt. 22 ; *Soper* v. *Frank*, 47 Vt. 368 ; *Lamphire* v. *Cowan*, 39 Vt. 426 ; *Rixford* v. *Nye*, 20 Vt. 132 ; 27 Vt. 130–7 ; *Morse Arb.* v. *Award*, 487. The plaintiff could not divide his claims ; he is estopped by the award. 18 Vt. 252 ; 46 Vt. 135 ; 125 Mass. 331 ; 119 Mass. 473.

The opinion of the court was delivered by

REDFIELD, J. This action is assumpsit, was tried by the referee, and stands on the report.

It has been held by the court that on a general reference the case is to be tried upon the facts, without reference to the form of the pleadings. *Carter* v. *Howard*, 39 Vt. 108. An award had been made between these parties, and we think the award concludes the controversy. The parties " agreed to submit all matters of difference between them "; the matters here in controversy were submitted, and a hearing thereon had before the arbitrators, and an award made in the premises. Mr. Cahoon, the present owner of this suit and controversy, was before the arbitrators, the plaintiff's attorney, and contended that defendant was liable and bound to indemnify the plaintiff against Cahoon's judgment for the value of the lumber sold by defendant to the plaintiff. The arbitrators awarded that plaintiff should recover back all he had paid defendant for the lumber ; found no such guaranty or indemnity had been given as claimed, and " threw out these claims" as not established.

These domestic tribunals are in the interest of peace, and the State has an interest that controversy should end. Such courts sometimes get aside of technical law, but ordinarily reach sub-

stantial justice. If the defendant sold the lumber to the plaintiff for legal consideration, the sale ordinarily carries with it a guarantee of *title* to the property sold ; but an award, though erroneous, if fairly made, is as conclusive upon the parties as other *judgments.*

It is said that at the time of the arbitration plaintiff had not paid Cahoon his judgment for the value of the lumber, and therefore had no claim to recover it of the defendant. But the arbitrators had full power to award that defendant should indemnify and pay sums as plaintiff should have to pay on Cahoon's judgment against him. An arbitrator is not hampered with specifications and pleading, but determines rights and duties between the parties as well as sums to be paid. Judgment affirmed.